UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHANE A. SWANN,                  *
                                 *
            Petitioner,          *
                                 *
    v.                           *    Criminal No. 06-10214-JLT
                                 *    Civil Action No. 09-10402-JLT
                                 *
UNITED STATES OF AMERICA.        *

Memorandum

March 29, 2012

TAURO, J.

I. Introduction

Petitioner Shane A. Swann filed a Petition under 28 § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#46]. Petitioner argues that his counsel at his change of plea, Joseph Krowski, Jr., provided ineffective assistance. For the following reasons, Petitioner's Petition is DENIED.

II. Procedural and Factual Background

On February 23, 2006, the New Bedford Police Department executed a search warrant on Petitioner Shane Swann's home and car.[1] The police found cocaine, marijuana, cocaine base, and four firearms.[2] Petitioner was arrested. In July 2007, a federal grand jury indicted Petitioner on four counts: (1) felon in possession of firearms and ammunition, 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1); (3) possession with

---

[1] Change of Plea Tr., 10:4-10 [#53].

[2] Change of Plea Tr., 10:11-16.

1

intent to distribute cocaine, 21 U.S.C. § 41(a)(1); and (4) possession of firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).[3]

On August 14, 2006, Petitioner was arraigned. At that proceeding, Petitioner was represented by Attorney Joseph Krowski, Jr. Petitioner stated at his arraignment that he had received a copy of the indictment, that he had read it, that he understood the charges, and that he "had an opportunity, at least preliminarily, to discuss the charges with [his] attorney . . . ."[4] The court read the four counts to Petitioner and he plead not guilty to each.[5]

Visiting records for the Plymouth County Correctional Facility indicate that Krowski visited Petitioner eight times between the date of his indictment and September 18, 2007, the date of Petitioner's change of plea.[6] Over the course of that time period, Krowski successfully vacated two career offender predicates on Petitioner's record.[7]

On September 18, 2007, Petitioner entered a change of plea. At the beginning of the proceeding, the court told Petitioner:

> Mr. Swann, I am going to go over a number of matters with you. If you want to stop at any time, if you don't understand what I have to say and you want to stop at any time and talk to your lawyer, then ask me, let me know that and I will certainly permit you to do so.[8]

---

[3] Indictment, at 1-4 [#5].

[4] Arraignment Tr., 2:19-3:6 [#78].

[5] Arraignment Tr., 3:11-4:14.

[6] Evidentiary Hr'g, Def.'s Ex. D, 1-3.

[7] Evidentiary Hr'g, Day One 8:25-9:2 [#79].

[8] Change of Plea Tr., 2:18-23.

2

Petitioner responded that he understood.[9] The court then read each of the four counts and the maximum sentence for each count to Petitioner.[10] After each of the first three counts, the court asked Petitioner if he understood what he just heard.[11] Petitioner replied yes each time.[12] After reading the fourth count and maximum sentence to Petitioner, the court and the AUSA engaged in a brief conversation about whether there was a term of supervised release attached to that count.[13] The court then asked Petitioner the following question: "Do you understand what you are facing in terms of punishment if you plead guilty here today?"[14] Petitioner responded "Yes, sir."[15] After the court discussed Petitioner's rights with him, Petitioner pled guilty to each of the four counts.[16]

The government then provided a brief recitation of the facts. In the recitation, the government stated the following:

> We have in the course of the investigation received information from the defendant's former girlfriend who said that he would bring [the gun found in Petitioner's bedroom] with him on drug deals, transactions to intimidate people who owed him money and also to

---

[9] Change of Plea Tr., 2:34-25.

[10] Change of Plea Tr., 3:9-5:5.

[11] Change of Plea Tr., 3:15, 4:9.

[12] Change of Plea Tr., 3:16, 4:10.

[13] Change of Plea Tr., 4:11-5:2

[14] Change of Plea Tr., 5:3-5.

[15] Change of Plea Tr., 5:6.

[16] Change of Plea Tr., 8:18-9:8.

3

ensure his security.[17]

The government also stated that according to Petitioner's girlfriend, Petitioner's tow-truck business was not legitimate and was solely a front for his drug dealing.[18]

According to Krowski, he had never heard these specific facts prior to the government's recitation in court.[19] Immediately after the government stated that Petitioner took a gun on drug deals, Petitioner told Krowski that was not true.[20] When the government finished reciting the facts, the court neglected to ask if Petitioner had any objections to them. Krowksi, nevertheless, spoke up a few minutes later to state that Petitioner admitted all of the allegations, but not some of the facts. He specifically stated:

> I just want to put on the record [Petitioner] doesn't admit to everything alleged by the former girlfriend, basically to the extent that he never ever had a legitimate business with tow trucks or anything like that but he does for the record admit to the factual basis supporting the indictments before the Court.[21]

At disposition, on February 27, 2008, the court sentenced Petitioner to ten years in custody.[22] On March 16, 2009, Petitioner filed a petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#46]. Petitioner argues that Krowski rendered ineffective assistance by failing to explain properly the elements of 18 U.S.C. § 924(c),

---

[17] Change of Plea Tr., 11:6-10.

[18] Change of Plea Tr., 11:18-12:2.

[19] Evidentiary Hr'g Tr., Day One, 16:5-16.

[20] Evidentiary Hr'g Tr., Day One 75:16-25.

[21] Change of Plea Tr., 16:1-6.

[22] Disposition Tr., 8:23-9:1 [#62].

4

possession of firearms in furtherance of a drug trafficking crime.[23]  According to Petitioner, Krowski told Petitioner that because the guns and drugs were found in the same house, 18 U.S.C. § 924(c) was satisfied.[24]  Petitioner states that he would not have pled guilty to this one count had Krowski provided effective assistance.[25]

The government filed an Opposition [#56] to Petitioner's Motion and attached Affidavit of Attorney Joseph F. Krowski, Jr. [#56-2] to its Opposition.  In the Affidavit, Krowski states, among other things, he "explained to [Petitioner] each of the elements of the charged offenses."[26]

The court referred the case to Magistrate Judge Collings, who issued a Report and Recommendation as to Whether an Evidentiary Hearing Should Be Held on the Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody [#57]. Magistrate Judge Collings recommended that the court hold an evidentiary hearing to determine whether Krowski provided ineffective assistance.  The court held such a hearing on January 5 and 9, 2012.

At the hearing, Krowski stated:

> I discussed with [Petitioner], I took him through all of the elements and discussed with him that not only would they have to establish that he possessed the firearms without a license but that they would have to show that he used them in furtherance of the unlawful distribution

---

[23] Mem. Law Supp. Mot. to Vacate, Set Aside, or Correct J. by a Federal Prisoner Pursuant to Title 28 U.S.C. § 2255, at 4 [#47].

[24] Mem. Law Supp. Mot. to Vacate, Set Aside, or Correct J., at 5.

[25] Mem. Law Supp. Mot. to Vacate, Set Aside, or Correct J., at 6.

[26] Aff. Att'y Joseph F. Krowski, Jr., at 1 [#56-2].

5

of drugs.[27]

Petitioner testified that Krowski told him that "just because the gun was in the room with the drugs that the [18 U.S.C. § 924(c)] requirements were met."[28] For this reason, Petitioner argued that when he pled guilty, he did not understand that the government had to prove a connection between the drugs and the gun.[29]

III. Discussion

    A. Standard of Review

For a petitioner to prove ineffective assistance of counsel, he or she must demonstrate that "counsel's representation fell below an objective standard of reasonableness"[30] and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[31] When reviewing counsel's representation, the court "must be highly deferential."[32] The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the Petitioner must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial

---

[27] Evidentiary Hr'g Tr., Day One, 28:18-22; see also Evidentiary Hr'g Tr., Day One, 46:16-25.

[28] Evidentiary Hr'g Tr., Day One, 74:10-11.

[29] Evidentiary Hr'g Tr., Day One, 79:14-25.

[30] Strickland v. Washington, 466 U.S. 668, 688 (1984).

[31] Id. at 694; see also West v. United States, 631 F.3d 563, 567 (1st Cir. 2011) ("Claimed violations of the Sixth Amendment right to effective representation of counsel require a showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance resulted in prejudice to the applicant.").

[32] Strickland, 466 U.S. at 689.

strategy.'"[33]

Strickland's two-prong ineffective assistance of counsel test applies to guilty pleas.[34] Under the first prong of the test, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"[35] When reviewing counsel's performance for prejudice, "the Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[36]

When dealing with a claim of ineffective assistance by counsel for a guilty plea:

> the presumption of the truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified.[37]

In the context of determining whether an evidentiary hearing is even needed for a claim of ineffective assistance of counsel, the First Circuit has stated that a hearing is only appropriate, "when the allegations [a]re highly specific and usually accompanied by some independent corroboration."[38]

---

[33] Id.

[34] Hill v. Lockhart, 474 U.S. 52, 59 (1985).

[35] Id. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

[36] Lockhart; 474 U.S. at 59; see also Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012).

[37] United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984) (citing Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)).

[38] Butt, 731 F.2d at 80 n.5.

B. Analysis

Here, Petitioner alleges that Krowski failed to inform him of the elements of 18 U.S.C. § 924(c), possession of firearms in furtherance of a drug trafficking crime. Petitioner alleges that Krowski told him that the elements of the offense were satisfied because a gun and drugs were found in the same room.[39] Petitioner argues that because he did not understand the elements of § 924(c), specifically the nexus requirement, his plea was unintelligent and Krowski's counsel was, therefore, ineffective.[40] The underlying question is whether Petitioner has provided evidence that Krowski failed to effectively explain the elements of 18 U.S.C. § 924(c) to him. Petitioner's Petition and testimony and Krowski's affidavit and testimony contradict one another. The issue, therefore, is one of credibility.

Petitioner was repeatedly asked by the court at his arraignment and change of plea whether he understood the charges against him. He consistently answered that he did. He was also told by the court at his change of plea that "if you don't understand what I have to say and you want to stop at any time and talk with your lawyer, then ask me, let me know that and I will certainly permit you to do so."[41] Petitioner heard the charges recited at both the arraignment and the change of plea. Even though at the change of plea the court neglected to ask him specifically if he understood the charge of 18 U.S.C. § 924(c), he did state that he understood what he was

---

[39] Mem. Law Supp. Mot. to Vacate, Set Aside, or Correct J., at 5.

[40] See United States v. Gandia-Maysonet, 227 F.3d 1, 3 (1st Cir. 2000) (finding that incorrectly informing Petitioner about the scienter requirement prior to Petitioner pleading guilty constituted ineffective assistance).

[41] Change of Plea Tr., 2:19-23.

8

facing in terms of punishment.[42] This is evidence that Petitioner knew the elements of 18 U.S.C. § 924(c) when he pled guilty.

Petitioner contends that he did not correctly understand 18 U.S.C. § 924(c) at the change of plea because he thought the government only had to demonstrate that a gun and drugs were in the same room. This contradicts Krowski's affidavit and his testimony at the evidentiary hearing.[43] Krowski visited Petitioner eight times between the date of his indictment and his change of plea.[44] He states that at these meetings he discussed the elements of 18 U.S.C. § 924(c) with Petitioner.[45] Krowski admits that he told Petitioner that he did not think Petitioner had a reasonable chance if he took the § 924(c) count to trial because of "the prejudicial impact of a black male being found in a house with guns, with drugs and with money."[46] This, however, is legal strategy. It is evidence of a defense attorney discussing with his client whether he thinks the client has a reasonable chance at trial. It does not, in and of itself, prove that Krowski misinformed Petitioner about the elements of the crime.

Krowski's opinion is reasonable given the First Circuit's rulings in United States v.

---

[42] Change of Plea Tr., 5:3-5.

[43] Evidentiary Hr'g Tr., Day One, 28:18-22.

[44] Evidentiary Hr'g, Def.'s Ex. D, at 1-3.

[45] Evidentiary Hr'g Tr., Day One, 28:18-22; see also Evidentiary Hr'g Tr., Day One, 46:16-25.

[46] Evidentiary Hr'g Tr., Day One, 28:18-22; see also Evidentiary Hr'g Tr., Day One, 47:17-19.

9

Garner[47] and United States v. Luciano.[48] In both these cases, the First Circuit upheld a § 924(c) conviction where a firearm was found in close proximity to drugs.[49] Based on the case law and the facts in this case, Krowski could reasonably believe that Petitioner would not have a probability of success at trial. There is no evidence, however, that he told Petitioner that proximity alone was enough to satisfy the nexus requirement.

Although the court recognizes the difficulty of doing so, Petitioner provides no independent corroboration demonstrating that Krowski failed to advise him of the elements of § 924(c).[50] What is more, Petitioner's testimony at the evidentiary hearing lacks credibility, because Petitioner contradicts himself and the record in multiple ways. In his Petition, Petitioner states that Krowski told him that § 924(c) was satisfied because the guns and drugs were in the same *house*.[51] At the evidentiary hearing, Petitioner stated that Krowski told him the statute was satisfied because they were found in the same *room*.[52] Although only a minor discrepancy, it is important here because Petitioner relies on his Petition and testimony to suggest that Krowski misinformed him. Inconsistencies between the Petition and Petitioner's own testimony only undermine his credibility.

---

[47] 338 F.3d 78 (1st Cir. 2003).

[48] 329 F.3d 1 (1st Cir. 2003).

[49] Garner, 338 F.3d at 81 (firearm and drugs found in hole in basement); Luciano, 329 F.3d at 6 (firearms and drugs in the same crawl space).

[50] See Butt, 731 F.2d at 80 n.5 (stating that independent corroboration is typically required just for an evidentiary hearing).

[51] Mem. Law Supp. Mot. to Vacate, Set Aside, or Correct J., at 5.

[52] Evidentiary Hr'g Tr., Day One, 79:23-25.

Another discrepancy that weakens Petitioner's credibility is the location of the gun. At his evidentiary hearing, Petitioner stated that he did not keep a firearm under his bed and that he never admitted that he did to the police.[53] At the change of plea, the government stated: "The weapon that was found, the firearm that was found underneath the Petitioner's bed was one that he is charged in the indictment that he used in furtherance of his drug business, drug distribution business."[54] Petitioner did not object to this portion of the facts when the government recited them. If Petitioner really thought that the government only had to demonstrate that the gun and drugs were in the same room, it is curious that he did not say anything to his counsel or the court at that moment in time. If Petitioner believed the gun and drugs had to be in the same room, objecting that there was no gun in the bedroom would have undermined the government's case that Petitioner violated § 924(c). The failure to object, therefore, weakens Petitioner's argument that Krowski told him the gun and drugs only had to be in the same room.

Petitioner's credibility is also undermined because his statement at the evidentiary hearing regarding the location of the gun contradicts an affidavit of Special Agent Sheila O'Hara and a statement that Petitioner himself purportedly made. The affidavit of Special Agent O'Hara states that New Bedford Police found a loaded gun under the right side of a bed at Petitioner's residence.[55] Additionally, the police report for the search warrant reads: "[Petitioner] was seated at the kitchen table and allowed to further view the search warrant. At this time, [Petitioner] admitted to having a firearm under his bed and some cocaine, marijuana and cash in his jewelry

---

[53] Evidentiary Hr'g Tr., Day Two, 19:1-23 [#80].

[54] Change of Plea Tr., 11:2-5.

[55] Aff. Sheila M. O'Hara ¶ 7 [#3].

11

box."[56]  There is overwhelming credible evidence that there was a gun in Petitioner's bedroom, including a statement Petitioner himself made to the police, who then purportedly found the firearm in the bedroom.  Petitioner's testimony at the evidentiary hearing thus lacks credibility.

In addition, the court is not convinced that Petitioner, today, fully understands what "in furtherance of" means.  Toward the end of the evidentiary hearing, Petitioner's attorney asked him why he would not have pled guilty if he correctly understood § 924(c).  Petitioner responded: "Because I don't, I'm not guilty of the charged that I was accused of, the 924(c), of protecting drugs with a gun.  I've never done that before.  I never protected drugs with a gun or money."[57]  § 924(c) does not specifically require the government to prove that Petitioner used the firearm to protect drugs.  The government must only prove that Petitioner used a firearm in furtherance of a drug-trafficking crime.  "To possess a firearm in furtherance of a crime means that the firearm helped to facilitate, forward, advance or promote the commission" of the underlying drug-trafficking crime.[58]  Using a firearm to protect drugs is only one manner that satisfies "in furtherance of."[59]  The court believes that Petitioner may not fully comprehend the nexus element of § 924(c) at this moment in time.  But, this in no way suggests that Krowski failed to correctly inform Petitioner prior to his guilty plea.  Petitioner makes no argument that Krowski told him

---

[56] Evidentiary Hr'g Tr., Day One, 42:11-14.

[57] Evidentiary Hr'g Tr., Day Two, 28:6-9.

[58] United States v. Felton, 417 F.3d 97, 104 (1st Cir. 2005).

[59] See Garner, 338 F.3d at 81 ("When guns and drugs are found together and a Petitioner has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-trafficking crime.").

12

that he had to use a gun to protect his drugs. In fact, he argues that Krowski told him that the nexus requirement was satisfied by the firearm and drugs being in the same room. Petitioner's testimony suggests that a flawed understanding of § 924(c), reached after Petitioner's plea, may underlie Petitioner's Petitition. The court finds that Krowski, nonetheless, correctly informed Petitioner of the "in furtherance of" requirement prior to his plea.

Lastly, at the evidentiary hearing, Petitioner's counsel suggested that Krowski may have provided ineffective assistance at the change of plea hearing when Krowski failed to object to the government's statement that Petitioner would bring a gun with him on drug deals. Both Krowski and Petitioner admitted that they had not heard that accusation prior to the government's recitation of the facts at the change of plea.[60] Both also admitted that they discussed the government's accusation immediately after hearing it and that Krowski failed to object to its inclusion in the recitation of facts.[61]

Krowski's failure to object is not ineffective assistance. 18 U.S.C. § 924(c) does not require the government to prove that Petitioner brought a gun with him on drug deals.[62] Krowski could reasonably assume that this was one manner by which the government could prove the "in furtherance of" requirement, but that it was unnecessary to object because the government could, if the case went to trial, prove it in other manners as well. In the recitation of facts, the government states that four guns were found in Petitioner's house.[63] Given the facts known to

---

[60] See Evidentiary Hr'g Tr., Day One, 16:5-16, 75:16-23.

[61] See Evidentiary Hr'g Tr., Day One, 16:5-16, 20:5-10, 21:25-22:14, 75:16-23.

[62] See Felton, 417 F.3d at 104; Garner, 338 F.3d at 81.

[63] Change of Plea Tr., 10:14-15.

13

him about this case and the First Circuit's ruling in Felton and Carter, it was reasonable for Krowski to respond to the recitation of facts by stating that Petitioner "does for the record admit to the factual basis supporting the indictments before the Court."[64] The court finds that Krowski's failure to object to the statement by the government "falls within the wide range of reasonable professional assistance . . . ."[65]

IV. Conclusion

When taken as a whole, the court finds that Petitioner's testimony is not credible, and Petitioner has failed to demonstrate that Krowski's assistance was ineffective. Without ineffective assistance, there is no need for the court to examine the prejudice prong of the Strickland test. For the reason stated above, Petitioner's Petition under 28 § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#46] is DENIED.

AN ORDER HAS ISSUED.

    /s/ Jospeh L. Tauro
United States District Judge

---

[64] Change of Plea Tr., 16:4-6.

[65] Strickland, 466 U.S. at 689.